IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20154-FAM

MARK MASON, individually and on behalf
of all others similarly situated

    Plaintiff,

vs.

TITAN SOLAR POWER FL, INC. and
COAST TO COAST SOLAR, LLC.,

    Defendants.
_____/

TITAN SOLAR POWER FL, INC.

    Third-Party Plaintiff,

v.

COAST TO COAST SOLAR, LLC

    Third-Party Defendant.
_____/

**DEFENDANT, TITAN SOLAR POWER FL, INC.'S MOTION FOR FINAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES AND MEMORANDUM OF LAW**

Defendant/Third-Party Plaintiff, TITAN SOLAR POWER FL, INC. ("Titan"), pursuant to Federal Rule of Civil Procedure 56, hereby files this Motion for Final Summary Judgment[1] against the Plaintiff or in the alternative this Motion for Partial Summary Judgment against the Plaintiff, and in support Titan states as follows:

---

[1] In compliance with Southern District of Florida Local Rules 56.1(a) and 56.1(b), the Statement of Material Facts has been filed separate and contemporaneous from this Motion for Summary Judgment and Memorandum of Law.

128836670.1

**I.     INTRODUCTION AND SUMMARY OF THE GROUNDS FOR SUMMARY JUDGMENT**

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act (FTSA), as amended by Florida Bill HB761. Plaintiff alleges he received four (4) telephone calls and two (2) text messages from Coast to Coast Solar, LLC ("CCS"), and is seeking damages against CCS and Titan. However, Titan is entitled to final summary judgment because there are no genuine issues of material fact:

(a) That the Plaintiff failed to establish a cause of action under the FTSA, as amended by Florida Bill HB761, because the Plaintiff did not comply with §501.059(10)(c) which requires that "before an action for damages for text message solicitations can be filed, the called party must reply "STOP" to the sender of the text message informing the sender that he does not wish to receive messages";

(b) That the Plaintiff failed to establish liability for the telephone calls under the FTSA because the Plaintiff has failed to prove that an automated system was used for the selection *and* dialing of telephone numbers;

(c) That the Plaintiff also failed to meet his burden under the TCPA to prove that CCS or Titan used an automatic telephone dialing system to make the calls and text messages at issue in the case; and

(d) That Titan is not vicariously liable under the TCPA because Titan did not make any of the calls or send text messages at issue in this case; and

(e) Even if this Court finds that Titan is liable for any of the alleged calls or text messages at issue, Titan cannot be found to have willfully made the calls and text messages because Titan did not initiate any of the calls or text messages.

## II.     MEMORANDUM OF LAW

### A. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Kernel Records*, 694 F.3d at 1301. If the nonmovant's response consists of nothing more than a repetition of conclusory allegations, summary judgment is not only proper, but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

B. **TITAN IS ENTITLED TO SUMMARY JUDGMENT UNDER THE FTSA BECAUSE PLAINTIFF FAILED TO PROVE THAT AN AUTOMATED SYSTEM WAS USED TO SELECT *AND* DIAL TELEPHONE NUMBERS AND PLAINTIFF FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE FTSA.**

(i) **No Automated System was Used to Select and Dial Telephone Numbers**

On May 25, 2023, Florida Governor Ron DeSantis signed Senate bill HB 761 into law ("HB 761"). HB 761 amended the FTSA in a number of ways. The first relevant amendment, pertinent to this case, is that after the passing of HB 761, the FTSA's section 501.059(8)(a), now provides that "a person may not make or knowingly allow to be made an unsolicited telephonic sales call if such call involves an automated system for the selection *and* dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party."§501.059(8)(a), Fla. Stat. Also, HB 761's amendments "shall take effect upon becoming law" and "the amendments made by this act apply to any suit filed on or after the effective date of this act and to any putative class action not certified on or before the effective date of this act." See HB 761.

Here, the First Amended Complaint alleges that this is a putative class action under the FTSA. [D.E. 22, at ¶36]. However, the Plaintiff never moved to certify the class and the class has not been certified. *See Docket generally*. Thus, because the case is a putative class action that had not been certified as of May 25, 2023, HB 761 applies retroactively to this case. Therefore, pursuant to the FTSA, the Plaintiff must prove that CCS and/or Titan made unsolicited telephonic sales calls that involved an automated system for the selection *and* dialing of telephone numbers. However, Plaintiff has failed to meet that burden. Specifically, the Plaintiff does not know what alleged automated system, if any, was used. *See Plaintiff Depo. at pg. 50;20-22*. Similarly, the Plaintiff does not know the name of the automated dialing system that was allegedly used. *See Plaintiff Depo. at pg. 51;14-16; and see Plaintiff's Ans. to Titan's Interrogatories*.

Moreover, the Plaintiff does not have any evidence to prove that an automated system was used to *select* telephone numbers. *See Plaintiff Depo. at pg. 51;1-5.*

*Q: Do you have any evidence to support your allegations that an automated system was used for the selection of telephone numbers?*

*A: No.*

Additionally, the Plaintiff has failed to produce any documents or evidence regarding the use of any automated system. Lastly, the Plaintiff, in his answers to Titan's interrogatory number 10, also failed to provide any evidence that the calls were selected with an automated system. See *Plaintiff's Ans. to Titan's Interrogatories no. 10.* Based on the evidence described above, there is no genuine issue of material fact that the Plaintiff failed to prove that the telephonic sales calls at issue involved an automated system that was selecting *and* dialing telephone numbers.

    **(ii)**    **Plaintiff Failed to Reply "Stop" Prior to Filing Suit**

HB 761 also amended the FTSA by adding section 501.059(10)(c), which provides as follows:

> (c) **Before the commencement of any action for damages under this section for text message solicitations, the called party must notify the telephone solicitor that the called party does not wish to receive text messages from the telephone solicitor by replying "STOP" to the number from which the called party received text messages from the telephone solicitor**. Within 15 days after receipt of such notice, the telephone solicitor shall cease sending text message solicitations to the called party and may not send text messages to the called party thereafter, except that the telephone solicitor may send the called party a text message to confirm receipt of the notice. **The called party may bring an action under this section only if the called party does not consent to receive text messages from the telephone solicitor and the telephone solicitor continues to send text messages to the called party 15 days after the called party provided notice** to the telephone solicitor to cease such text messages.

Here, there is no genuine issue of material fact that Plaintiff failed to comply with the notice requirements of section 501.059(10)(c). Specifically, the Plaintiff received two text messages from

Brad Duncan of CCS on September 12, 2022. *See Plaintiff Depo. at pg. 41;13-20 and pg. 42;2-14; and see Exhibit 3 to Plaintiff's Depo*. The Plaintiff did not receive any text messages from Titan. *See Plaintiff Depo. at pg. 45;23-25 and pg. 46;1-6.* After receiving the two text messages from Brad Duncan of CCS, the Plaintiff did not reply "STOP" to Brad Duncan from CCS, asking Brad Duncan to stop sending text messages. (emphasis added).

> *Q: After you received Brad's initial text message, did you ever reply or text stop, asking Brad to stop sending you text messages?*
>
> *A: No.*
>
> *Q: After his second text message where [Brad Duncan] says, "I'll be available tomorrow afternoon and partially on Sunday…" After that text message did you reply stop asking Brad to 11· ·stop sending you text messages?*
>
> *A: No.*
>
> *Q: So, would you agree that according to this Exhibit No. 3, you did not reply stop to the sender of the text messages, is that correct?*
>
> *A: That is correct.*
>
> *Plaintiff Depo. at pg. 44;2-17.*

Further, the snapshot of the text messages exchanged between the Plaintiff and Brad Duncan, demonstrates that not only did the Plaintiff never reply "STOP" but rather, the Plaintiff engaged with Brad Duncan of CCS. *See Exhibit 3 to Plaintiff's Depo, shown on the following page*.



Accordingly, the Plaintiff failed to comply with the notice requirement from section 501.059(10)(c), because he failed to reply "STOP" to CCS—the sender of the text message—informing CCS to stop sending text messages. As such, neither CCS nor Titan can be liable under the FTSA and Titan is entitled to summary judgment.

C. **TITAN DID NOT VIOLATE THE TCPA BECAUSE THE PLAINTIFF FAILED TO PROVE THAT AN AUTOMATIC TELEPHONE DIALING SYSTEM WAS USED TO MAKE THE CALLS AND TEXT MESSAGES AT ISSUE.**

The TCPA prohibits the use of an automatic telephone dialing system to call a telephone number assigned to a cellular telephone service, without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, a plaintiff need only show that defendant made a call to a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Specifically, the TCPA, § 227(b)(1)(A)(iii), provides, in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…

**Further, "summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial."** *See Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999); *and* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986))); *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, No. 8:20-cv-1929-CEH-MRM, 2023 U.S. Dist. LEXIS 522, 2023 WL 23116 (M.D. Fla. Jan. 3, 2023) (granting summary judgment in favor of non-movant under Rule 56(f), but only after providing movant an opportunity to show cause why summary judgment should not be granted).

Here, pursuant to the TCPA, the Plaintiff has the burden of proving that an automated telephone dialing system (ATDS) was used. However, the Plaintiff has failed to meet that burden as the Plaintiff failed to identify or provide any evidence regarding the alleged automated system, if any, that was used. *See Plaintiff Depo. at pg. 50;20-22*. Similarly, the Plaintiff failed to provide the name of the automated dialing system, if any, that was allegedly used. *See Plaintiff Depo. at pg. 51;14-16; and see Plaintiff's Ans. to Interrogatories at no. 10.* Further, Ashwin Chandra from CCS stated that CCS used a cell phone to make the subject calls and text messages. *See Exhibit C*. Lastly, Plaintiff failed to disclose any expert opinions or reports noting that an automated telephone dialing system was used. *See docket generally*. Accordingly, because the Plaintiff failed to make a showing sufficient to establish the existence of an element essential to his case—that CCS and/or

Titan made a call to the Plaintiff's cellular telephone service using an automatic dialing system or prerecorded voice—Titan is entitled to summary judgment as a matter of law.

### D. TITAN IS NOT VICARIOUSLY LIABLE UNDER THE TCPA BECAUSE TITAN DID NOT PLACE OR MAKE ANY OF THE CALLS OR TEXT MESSAGES.

The TCPA prohibits the use of an automatic telephone dialing system to call a telephone number assigned to a cellular telephone service, without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii). Therefore, Plaintiff need only show that Defendants made a call to a number assigned to a cellular telephone service *using an automatic dialing system or prerecorded voice*. See 47 U.S.C. § 227(b)(1)(A)(iii).

Further, a defendant is not liable for the acts of another party where it is clear that only the other party made calls to Plaintiff because direct liability under the TCPA can only be imposed against the entity that made the call. *Soulliere v. Cent. Fla. Invs., Inc.*, 2015 U.S. Dist. LEXIS 36858, at *20 (M.D. Fla. 2015). In *Soulliere,* the Plaintiff filed suit under the TCPA against five defendants. *Id*. at *20-21. The evidence in *Soulliere* showed that only one defendant, CFIRM, placed the calls to the Plaintiff. *Id*. at *19. The court held that the non-calling defendants "met their burden of demonstrating that the non-calling defendants are not directly liable by showing that only CFIRM placed the calls at issue. As such, [the non-calling defendants] are entitled to summary judgment." *Id*. at *21; citing to Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Worsham v. TSS Consulting Grp., LLC,* 2023 U.S. Dist. LEXIS 137105, at *10 (M.D. Fla. Aug. 7, 2023) (holding that the plaintiff failed to establish that defendant may be held vicariously liable under the TCPA).

Here, there is no genuine issue of material fact that Titan did not make or place any of the calls or text messages that the Plaintiff received. The Plaintiff testified that he never spoke with

Titan, that he has no evidence that Titan called him directly, that he did not receive any text messages from Titan, or that Titan ever willfully called the Plaintiff.

> *Q: And it's -- so, apart from your allegation that you claim CCS called on behalf of Titan, would you agree that you have no evidence that Titan called you directly?*
>
> *A: That is correct.*
>
> *Q: And based on that fact, would you agree that Titan never willfully called you?*
>
> *A: Titan did not call me, that is correct.*
>
> *Q: And based on what you've testified today, you have never communicated with Titan directly, is that correct?*
>
> *A: That is correct.*
>
> *Q: And when I say communicated, you haven't received any calls or text messages from Titan, correct?*
>
> *A: That is correct.*
>
> *Q: And would you agree that you have never spoken to Titan informing Titan that to not call your 1050 number?*
>
> *A: No, I did not speak to them*
>
> *See Plaintiff Depo. at pg. 64;2-25.*

Moreover, the Plaintiff testified that he did not receive any text messages from Titan but only from CCS.

> *Q: So, is it correct to say, that you did not receive any text messages directly from Titan?*
>
> *A: Yes.*
>
> *See Plaintiff Depo. at pg. 45;23-25 and pg. 46;1-6.*

Additionally, the Agreement between Titan and CCS demonstrates that under the Agreement, Titan required that "[CCS] expressly warrants that [CCS] is and shall continue to act in full compliance with any applicable law and regulations. [CCS] agrees that [CCS] has read and understands the Telemarketing Sales Rule, the Telephone Consumer Protection Act ("TCPA")… and [CCS] understands and agrees it is prohibited from using an ATDS for telemarketing purposes." Thus, while Titan denies that CCS used an ATDS, even if an ATDS system was used, Titan cannot be vicariously liable under the TCPA and is entitled to summary judgment.

E. **EVEN IF THIS COURT FINDS THAT TITAN IS LIABLE UNDER THE TCPA OR FTSA—IT IS NOT—TITAN CANNOT BE FOUND TO HAVE WILLFULLY VIOLATED THE TCPA OR FTSA.**

The TCPA allows a party to bring "an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or"

\*\*\*

"(c) If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." "The requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing the conduct that violates the statute. *Cf. Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) ("The [Act] does not require any intent for liability except when awarding treble damages."). For example, to violate section 227(b)(1)(A)(i), a defendant must know that he is using an "automatic telephone dialing system" to place a "call," and that the call is directed toward an "emergency" line. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1110 (11th Cir. 2015). In *Lary*, the Eleventh Circuit noted that "if we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are not 'willful[] or knowing[].'" *Lary*, 780 F.3d at 1110

(noting that such a broad application of 'willful[]' or 'knowing' would significantly diminish the statute's distinction between violations that do not require an intent, and those willful[] and knowing violations that [C]ongress intended to punish more severely."). Further, in *Lary*, the Eleventh Circuit held that the "plaintiff failed to establish that Hong or Trinity willfully or knowingly violated the TCPA where plaintiff's own affidavit attached to his motion for a default judgment, averred that Hong used a third party to send out advertisements, which suggests that Hong and Trinity might have had no knowledge that Lary received a particular fax."

Here, like in *Lary*, Titan did not make or place any of the calls or text messages at issue. Rather, all the calls and text messages were sent by CCS. Further, the Plaintiff in this case testified that he never communicated with Titan, never spoke to a Titan employee, and never received any text messages from Titan. As such, Titan cannot be found to have willfully or knowingly violated the TCPA. This analysis also applies to the FTSA as the FTSA's language mirror's the TCPA.

## REQUEST FOR HEARING

Pursuant to Southern District of Florida Local Rule 7.1(b)(2), Titan respectfully requests a one-hour hearing on this motion.

WHEREFORE, Titan Solar Power FL, Inc., respectfully requests that this Court (a) grant Titan Solar Power FL, Inc's Motion for Final Summary Judgment, (b) enter judgment in favor of Titan Solar Power FL, Inc. on all counts and allegations, including individual and class allegations (c) grant an award of reasonable attorney's fees and costs to Titan Solar Power FL, Inc. pursuant to Section 501.059(11), Fla. Stat.; (d) in the event this Court finds that Titan is not entitled to summary judgment, Titan requests that the Court grant the motion for partial summary judgment on damages; and (d) grant any other relief this Court deem just and proper.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
The Alhambra
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
T: (786) 353-0210
F: (786) 513-2249

BY: __/s/ Juan P. Garrido__
SETH ALHADEFF
Florida Bar No. 525235
seth.alhadeff@lewisbrisbois.com
JUAN P. GARRIDO
Florida Bar. No. 118678
juan.garrido@lewisbrisbois.com
*Counsel for Defendant, Titan Solar Power of FL, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 31st day of August, 2023, a true and correct copy of the foregoing was filed through the court's CM/ECF filing system.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
The Alhambra
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
T: (786) 353-0210
F: (786) 513-2249

BY: __/s/ Juan P. Garrido__
SETH ALHADEFF
Florida Bar No. 525235
seth.alhadeff@lewisbrisbois.com
JUAN P. GARRIDO
Florida Bar. No. 118678
juan.garrido@lewisbrisbois.com
*Counsel for Defendant, Titan Solar Power of FL, Inc.*